# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Timothy Sweeney and Alaina Sweeney, ) | |
| ) | Civil Action No. 3:19-cv-02686-JMC |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BI-LO, LLC, ) | |
| ) | |
| Defendant/Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Waterstone Southeast Portfolio, LLC, ) | |
| ) | |
| Third-Party Defendant. ) | |
| _____) | |

This matter is before the court pursuant to Defendant BI-LO's ("Defendant") unopposed Motion to Sever the Third-Party Claim (ECF No. 28). After Plaintiffs Timothy Sweeney and Alaina Sweeney ("Plaintiffs") asserted claims against Defendant for negligence and loss of consortium, Defendant filed a third-party claim against Third-Party Defendant Waterstone Southeast Portfolio, LCC ("Third-Party Defendant") for indemnity. (ECF Nos. 1, 8.) Before the Motion to Sever was filed, Third-Party Defendant was in default on the third-party claim. (ECF No. 23.) However, the default was later withdrawn and the third-party action was dismissed without prejudice because Plaintiffs added Third-Party Defendant as a direct defendant in their action. (ECF Nos. 53, 29.)

Federal Rule of Civil Procedure 21 provides that the court may "sever any claim against a party." Under Rule 21, "a court has virtually unfettered discretion in determining whether or not severance is appropriate." *Grayson Consulting, Inc. v. Cathcart*, No. 2:07-cv-02992-DCN, 2014 WL 1512029, at *2 (D.S.C. Apr. 8, 2014) (citing *17th St. Assocs., LLP v. Markel Int'l Ins. Co.*

1

*Ltd.*, 373 F.Supp.2d 584, 604 n.9 (E.D. Va. 2005)). Four factors are considered in evaluating severance under Rule 21: (1) whether the issues sought to be severed are significantly different from one another; (2) whether the issues require different witnesses and evidence; (3) whether the party opposing severance will be prejudiced; and (4) whether the party requesting severance will be prejudiced if the claims are not severed. *Equal Rights Ctr. v. Equity Residential*, 483 F.Supp.2d 482, 489 (D. Md. 2007).

Although the posture of the parties has changed since the Motion to Sever was filed, the court finds that the third-party claim should be severed. Since the third-party claim has been dismissed and Third-Party Defendant has been added as a direct defendant in Plaintiffs' action, it is ineffectual and duplicative to keep the third-party claim tied to Plaintiffs' action. Plaintiffs also consent to the severance of Third-Party Defendant from this action. (ECF No. 28.) Therefore, the court **GRANTS** Defendant's Motion to Sever (ECF No. 28).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 11, 2020
Columbia, South Carolina